UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON ZIMBRO,

    Plaintiff,

v.                                                        Case No:   6:14-cv-1166-Orl-41TBS

EDWARD KRUG, III,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before me is Defendant's Affidavit of Indigency, which I have construed as a motion to proceed *in forma pauperis*. (Docs. 8). Upon due consideration I respectfully recommend that the motion be **denied** and the case **remanded** to state court.

### Background

On May 19, 2014, Plaintiff filed a complaint in state court to evict Defendant from residential real property located in Brevard County, Florida. (Doc. 1-1). Plaintiff amended her complaint on June 18, 2014. (Doc. 2). She alleges that Defendant failed to pay rent as agreed in May and June 2014 and that she served him with two 3-Day Notices of eviction. (Id. ¶¶ 7-11). The second 3-Day Notice ("Notice"), a copy of which is Exhibit "B" to the amended complaint, was sent to Defendant by Plaintiff's attorney. (Doc. 4 at 6; Doc. 2 ¶ 35). Plaintiff maintains that Defendant has refused to pay the rent due and refuses to vacate the premises. (Doc. 1 ¶ 14). Defendant answered the amended complaint and counterclaimed for among other things, the alleged violation of the Fair Debt Collection Practices Act ("FLSA") by Plaintiff's attorney, based upon the sending of the Notice to Defendant. (Doc. 4). Then Defendant removed the action to

this court asserting federal question subject matter jurisdiction based upon the claimed FLSA violation. (Doc. 1). On July 18, 2014, Defendant filed numerous motions, including the instant motion to proceed *in forma pauperis*. (Doc. 2).

## Discussion

1. Remand is Warranted

Federal courts may allow an individual to proceed *in forma paperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review the complaint to determine whether it should be dismissed. Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed–or remanded if the case was removed from state court–if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998); see also 77 C.J.S. Removal of Cases § 159 (2014) (It is well settled that "[w]here a case is removed, if at any time before final judgment it appears that the federal district court lacks subject-matter jurisdiction, remand to state court is obligatory ..." ); cf. Linge v. State of Ga., Inc., ---F. App'x --- No. 13-15306, 2014 WL 2854971, at *1 (11th Cir. June 24, 2014); Davis v. Ryan Oaks Apt., 357 F. App'x 237, 238 (11th Cir. Dec. 17, 2009). Here, remand would moot Defendant's motion to proceed *in forma pauperis*. See Oregon v. Park, Civ. No. 11-3061-CL, 2011 WL 2619502, at *1 (D. Or. June 8, 2011) (A case may be dismissed and a motion for *in forma pauperis* denied if the case was improperly removed or if the Court otherwise lacks subject matter jurisdiction).

Federal court removal is governed by 28 U.S.C. § 1441(a), which allows a defendant to move a case from state court to a federal district court if the subject matter is

such that the case could have originally been brought in federal court. Federal district courts are courts of limited jurisdiction. This means that parties who seek to invoke a federal court's jurisdiction over a case must first show that the underlying claim is based upon either diversity jurisdiction (the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states), or the existence of a federal question (i.e. "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332.

It is well settled that "[r]emoval jurisdiction based on a federal question is governed by the well-pleaded complaint rule," meaning a defendant may remove an action only if the plaintiff's complaint articulates a federal question. Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 (11th Cir. 2003); Green Tree Serv'g, LLC v. Respert, No. 5:14-cv-183 (CAR), 2014 WL 2946422, at *1 (M.D. Ga. June 30, 2014). "There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." Bank of New York v. Angley, 559 F. App'x 956, 957-58 (11th Cir. 2014).

It is clear that the Court lacks subject matter jurisdiction over this controversy. Defendant's claim that the amended complaint potentially creates "a claim available to Defendant under federal law" does not establish subject matter jurisdiction. See ONP, LLC v. Wilcox, No. 1:14-cv-669-WSD, 2014 WL 2457151, at *3 (N.D. Ga. May 30, 2014) (Defendant argues in her removal papers that federal jurisdiction over the matter is conferred because Lakeview Trails' actions violate the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Rule 60 of the Federal Rules of Civil Procedure. Contrary to the Defendant's argument, this Court notes that a federal cause of action within a counterclaim or a federal defense

is not a basis for removal jurisdiction."). Accordingly, I respectfully recommend that the Court remand the case *sua sponte* on this ground.

2. Sanctions May Be Appropriate

The imposition of sanctions in connection with the pending motion is governed by Federal Rule of Civil Procedure 11, which "requires this Court to consider whether the claimant's conduct was 'reasonable under the circumstances.'" Flowers v. Life Univ., No. Civ.A. 105CV1601TWT, 2006 WL 562192, at *9 (N.D. Ga. Mar. 7, 2006) (citing Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003)). Rule 11 gives the Court discretion to impose sanctions when a party files a pleading that: (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith for an improper purpose. FED. R. CIV. P. 11. The "court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation," and "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." FED. R. CIV. P. 11(c)(1).

Defendant improperly removed the underlying action to this court by putting forward an unreasonable claim of federal question jurisdiction. Therefore, I respectfully recommend that the court issue an order directing Defendant to show cause why sanctions should not be imposed pursuant to Rule 11. See Fed. R. Civ. P. 11(c)(3). Unless Defendant provides a satisfactory response, I respectfully recommend that the district court tax fees and costs against defendant and his counsel.

## Recommendation

For the foregoing reasons I respectfully recommend that Defendant's Motion to

Proceed *In Forma Pauperis* (Doc. 8) be **denied** and the case **remanded** to the County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.   I also recommend that the Court issue an order directing Defendant and his attorney to show cause in writing why sanctions should not be imposed pursuant to Rule 11.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 24, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Defendants